### *In re* CHRISTIAN JENSEN CO., Limited.

*(Superior Court of New York City, General Term.   July 2, 1891.)*

CORPORATIONS—VOLUNTARY DISSOLUTION—SUFFICIENCY OF ORDER.

> Where the petition in voluntary proceedings for the dissolution of a corporation prayed for "the dissolution of the corporation," and an order entered therein required all persons interested to show cause "why the prayer of the petition should not be granted," it was a substantial compliance with Code Civil Proc. N. Y. § 2423, which provides that in such proceedings "the court must make an order requiring all persons interested in the corporation to show cause before it  *  *  *  why the corporation should not be dissolved."

Appeal from special term.

Application by the directors of the Christian Jensen Company, Limited, for a voluntary dissolution. Applicant's receiver moved for an order permanently restraining and enjoining William Eggert, and Edward Eggert, the sheriff of the county, Charles Wahlig, Frank A. and Frederick Wahlig, Michael Goode, city marshal, and all other persons from taking any further steps in various actions and proceedings heretofore taken by or on behalf of them, or either of them, against the Christian Jensen Company; *second,* directing the receiver to borrow sufficient money to enable him to properly box and stamp certain cigars of the corporation, and prepare the same for sale, and to issue receiver's certificates for any sums so borrowed; *third,* to make such arrangement as may be equitable and reasonable, with the landlord of the premises where said cigars are, for the use of said premises until April 1st next; *fourth,* directing the receiver to sell all of the property of the Christian Jensen Company, Lim-

ited, except book accounts.   The opinion of McADAM, J., at special term was as follows: "Jurisdiction of the subject-matter is conceded, and it is also conceded that the petition is in proper form, and contains all the statutory requirements.   The petition prays for 'the dissolution of the corporation,' and the order requires all persons interested in it to show cause 'why the prayer of the petition should not be granted.'   The order is entitled in the proceeding which expressed its purpose, and refers to the petition on file.   This is a substantial, if not literal, compliance with the statute, and all the law requires. The objection to the order is that it should have required those interested to show cause 'why the corporation should not be dissolved.'   It did so state, not in words repeated, but in words so plain that repetition was unnecessary. The object of the proceeding was the dissolution of the corporation.   The petition prayed for a dissolution, and, requiring those interested to show cause 'why the prayer of the petition should not be granted,' intelligently required them to show cause 'why the corporation should not be dissolved.'   It meant that, could mean but that, and no person of ordinary intelligence would claim that he understood anything different.   The objection is a mere juggle on words, not meaning; is one of form, not substance; and jurisdiction even in special proceedings does not depend on so fine a thread.   It is a rule in special as well as in other proceedings to look at substance, not form, so long as there is a substantial compliance.   The form used was taken literally from Abbott's New Forms, (volume 1, pt. 668,) and anything that leaves the hands of Austin Abbott comes well recommended.   In *Re Pyrolusite Co.*, 29 Hun, 429, (see 3 Civil Proc. R. 270,) the petition was defective, and no jurisdiction was in consequence acquired.   In pointing out its numerous defects, the court incidentally referred to the form of the order, and said it did not comply literally with section 2243 of the Code.   If that so-called defect had been the only one in the case, the jurisdiction of the court would no doubt have been sustained.   The order made herein was sufficient in form.   It needed no amendment; yet the court, in furtherance of justice, had the power to amend it.   The petition, being in accordance with the statute, conferred power on the court to act.   The other cases relied on as authorities against the validity of the order have no application.   They relate to the following subjects: *People v. Hurlburt*, 46 N. Y. 110, to the authority of tax-payers of towns; *Battell v. Torrey*, 65 N. Y. 294, to infants' estates; *In re Valentine*, 72 N. Y. 184, to lunatics' estates, and *Stilwell v. Swarthout*, 81 N. Y. 109, to administrators' sales.   The objection to the jurisdiction, being untenable, must be overruled. As to the perpetual stay, the application will be denied as to the Eggerts, whose rights became vested before the order herein was made.   As to the Wahligs, the application must be granted.   Their proceedings were instituted after the order was granted, and after the receiver acquired title, which relates back to the time the order was signed.   The second, third, and fourth branches of the application are in the interest and for the benefit of all concerned, and will be granted.   Settle order on notice."   Code Civil Proc. N. Y. § 2423 provides, with respect to proceedings for the voluntary dissolution of corporations, that "the court must make an order requiring all persons interested in the corporation to show cause before it * * * why the corporation should not be dissolved."   From so much of this order as restrains them from prosecuting their actions against applicant, creditors William Eggert, Edward Eggert, Charles Wahlig, and others appeal.

Argued before FREEDMAN, P. J., and DUGRO and GILDERSLEEVE, JJ.

*John Fennel*, for appellants.   *John C. Coleman*, for respondent.

PER CURIAM.   The order should be affirmed, with $10 costs and disbursements, upon the opinion of the learned judge at special term.